Richard J. Bookhout, S.
Decedent died November 7,1939, and her will, dated March 8, 1939, was duly admitted to probate and letters of testamentary trusteeship issued November 14, 1939. The trust corpus consisted primarily of International Business Machines Corporation stock, and the will authorized the trustee ‘ ‘ to retain any investments made by me prior to my death, with particular reference to the stock of the International Business Machines, Inc. which I now hold, and which I do not wish disturbed as long as it pays an adequate dividend”. With some diversification since that time, the trust corpus still includes a substantial quantity of this stock.
*682 On January 24, 1967, the IBM board of directors announced its intention to declare a 2%% stock dividend payable to stockholders of record on May 4, 1967, subject to stockholder authorization for issuance of additional shares, which was forthcoming at the annual meeting on April 24,1967. The dividend consisting of 75.0057 shares was subsequently delivered to the trustee, who now seeks construction of the will as to whether this stock dividend is principal or income, and also seeks settlement of the intermediate account.
The necessity for this proceeding arises from the change in the law represented by section 27-e of the Personal Property Law (now EPTL 11-2.1) which was added by chapter 336 of the Laws of 1965, effective June 1, 1965, and the repeal of section 17-a of the Personal Property Law. This changed the statutory rule for allocation of stock dividends between principal and income, to provide that such stock distributions of not moro than 6% were to be treated as income, unless the instrument creating the trust otherwise directs This changed rule was by its terms to be given retrospective effect, and made to apply “ to any trust, whether created or declared before or after the effective date hereof
Such a change in a rule of administration of trusts previously created would not impair contractual obligations nor deprive persons of property without due process, in the constitutional sense. (See Temporary State Commission on Law of Estates, Staff Report, No. 6.2B, N. Y, Legis. Doc., 1963, No. 19, pp. 182-281.)
Times change as do corporate practices in finance and stockholder relations, and the law must be responsive to changing conditions, not only through court interpretation but also by legislative enactment.
The intention of the testatrix in this case was clearly to balance fairly the interests of both the income beneficiaries and the remaindermen when she directed the retention of IBM ‘ ‘ as long as it pays an adequate dividend ”.
In view of the corporate growth history of IBM, and its policies of expansion by means of profit retention, application of the new rule of construction will result in a more adequate rate of payment of income and thus more nearly accord with the intention of the testatrix as determined from her will.
My learned predecessor, Surrogate Campbell, was asked to construe this will upon the judicial settlement of the executors in 1940, when the trustee asked for a determination: “ Whether or not stock dividends are principal and should be added to the *683 principal of the trust; or whether or not they are income and should be turned over to the beneficiaries as income.”
In deciding this question, testimony was taken, but as appears from Surrogate Campbell’s decision of November 16, 1940, none of it bore upon the testatrix’ intentions with regard to construction of the will, and on the authority of section 17-a, then in force; and upon the failure to prove that the stock dividends there in question were paid wholly from earnings, he held that stock dividends of the IBM Corporation should be allocated to principal and not to income.
The trustee has so acted up to the time of the change in statute, and its accounts have been and will be judicially settled accordingly.
The 2%% stock dividend of 1967, however, appears to have been declared by the board of directors “ to reflect continued profit growth with a stock dividend rather than an increase in the cash dividend rate ”, and the legislative rules of construction had been changed prior to its declaration. This court does find and decide that the current 2%% stock dividend should be allocated to income, and distributed accordingly, subject to the allowances and expenses of this proceeding; and that future IBM corporate distributions to this trust shall be allocated in accordance with the provisions of EPTL 11-2.1 in effect on the record date for such distribution.